CHERYL L. COOPER, ESQUIRE 9240
OANDASAN & COOPER PC
28 EAST AVENUE
PO BOX 326
WOODSTOWN, NJ  08098
P(856) 624-4074
F(856) 624-4064
*Attorneys for Plaintiff Maria Ford*

| | |
|---|---|
| MARIA FORD<br>            Plaintiff<br><br>     v.<br><br>**CRANER, SATKIN, SCHEER, & SCHWARTZ,**<br>**A professional corporation** | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY**<br><br>**DOCKET NO:**<br><br>**CIVIL ACTION**<br><br>**COMPLAINT AND JURY DEMAND** |

Maria Ford, by way of Complaint hereby says:

## JURISDICTION AND VENUE

1. This case is brought under the Fair Debt Collection Practices Act (hereinafter FDCPA) 15 U.S.C. § 1601, et. seq.

2. Jurisdiction is proper in this federal court based upon the statute.

3. Venue is proper in this vicinage as Plaintiff is a resident of Gloucester County, State of New Jersey.  Defendants are a law practice in the State of New Jersey.

## PARTIES

4. Plaintiff, Maria Ford, is an adult and a resident of Gloucester County, New Jersey and a consumer as defined in the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendants are a law firm in the State of New Jersey with a practice that engages in collection activity in the State of New Jersey, and specifically with this Plaintiff, and qualifies as a debt collector un 15 U.S.C. . § 1692a(6).

## **FACTS**

6. Defendants law firm its associates, employees, servants, and contractors engage in the practice of debt collection.

7. Defendants are obligated to follow the all provisions of the FDCPA 15 U.S.C. § 1601, et. seq.

8. In or around August 2011, Defendants filed a lawsuit against Plaintiff on behalf of their client, Portfolio Recovery Management, in the Special Civil Division of the New Jersey Superior Court, Gloucester County.

9. On or about August 10, 2011, Plaintiff, represented by the undersigned, filed an Answer and Defenses to the lawsuit.

10. A trial in the matter was scheduled for August 22, 2011.

11. Prior to any trial, Plaintiff's counsel and Defendants engaged in negotiations regarding a settlement.

12. Despite the fact that Defendants knew Plaintiff was represented by counsel, and was negotiating through counsel, Defendants contacted Plaintiff directly, and attempted to have Plaintiff pay more than what was being negotiated by counsel.

13. Defendants actions were documented by Plaintiff's counsel.

14. Defendants sent mail to Plaintiff's home address in an attempt to harass, deceive and intimidate Plaintiff.

15. Plaintiff's counsel sent the Defendants a letter documenting the fact that they had engaged in activities that violated the FDCPA.

14. Defendants' employee Steven Green violated the FDCPA by contacting the Plaintiff directly, and attempting to get her to pay a higher amount that what counsel negotiated after Plaintiff was clearly represented by counsel.

15. Defendants are responsible for the acts/omissions of their employees/servants/agents under the theory of *respondeat superior.*

16. The debt arose from services provided by the creditor which were primarily family, personal or household purposes and which meet the definition of "debt" under 15 U.S.C. § 1692a(5).

17. Defendants were retained by the original creditor to collect the debt.

## COUNT ONE

18. Plaintiff repeats and realleges the contents of all preceding paragraphs as if set forth at length herein.

19. The Defendants' conduct by and through its employees/agents/servants violated 15 U.S.C. § 1692d(5) in that the Defendants engaged in behavior the natural consequence of which was to harass, oppress or abuse Plaintiff in connection with the debt.

20. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

21. The foregoing acts and omissions of the Defendants constitute numerous violations of the FDCPA.

22. The Plaintiff is entitled to statutory damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Plaintiff demands judgment against the Defendants jointly, several, and in the alternative for damages as follows:

1. Against Defendants jointly, severally, and in the alternative awarding Plaintiff statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

2. Actual damages against the Defendants, jointly, severally and in the alternative;

3. Reasonable counsel fees for all acts related to the collection of this debt;

4. Costs associated with the litigation;

5. Pre and post judgment interest;

6. Other such relief that is equitable and just.

## JURY DEMAND

Plaintiff demands a jury trial on all issues in the complaint.

## DESIGANTION OF TRIAL COUNSEL

Cheryl L. Cooper, Esquire is hereby designated as trial counsel on all issues.


Dated: September 7, 2012                    Respectfully Submitted,


                                            *Cheryl L. Cooper*_____

                                            Cheryl L. Cooper
                                            Counsel for Plaintiff